UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KELLY M. SCHALLHORN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:15-CV-1218

HON. ROBERT J. JONKER

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Kelly Schallhorn seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they

are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was thirty-seven years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.51, 124, 136.) She obtained a GED, and was previously employed as an order clerk and leasing agent. (PageID.83, 88–89.) Plaintiff applied for benefits on November 8, 2012, alleging that she had been disabled since September 1, 2012, due to bipolar disorder, fibromyalgia, and chronic back problems. (PageID.124–125, 136–137, 228–296.) Plaintiff's applications were denied on May 15, 2013, after which time she requested a hearing before an ALJ. (PageID.196–220.) On April 1, 2014, Plaintiff appeared with her counsel before ALJ James Prothro

2

for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.76–114.) In a written decision dated June 20, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.51–75.) On September 22, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.35–40.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Prothro determined that Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.57.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) lumbago with hip and coccyx pain; (2) fibromyalgia; and (3) depression/bipolar/affective disorder. (PageID.57.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.57–59.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting/carrying up to twenty pounds occasionally and ten pounds frequently; and sitting, standing and/or walking up to six hours each in an eight-hour workday. The [claimant] is limited to simple tasks with occasional contact with the public and no fast-paced work.

(PageID.60.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (PageID.67.) At the fifth step, the ALJ questioned a vocational expert (VE) to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform the following work: cleaner / housekeeping (18,000 Michigan jobs and 800,000 national jobs) and mail clerk (750 Michigan jobs and 25,000 national jobs). (PageID.108–109.) Based on this record, the ALJ found that Plaintiff was capable of making a

successful adjustment to work that exists in significant numbers in the national economy. (PageID.68.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from her alleged onset date through June 20, 2014, the date of decision. (PageID.69.)

## DISCUSSION

On October 24, 2013, Dr. William Wilkinson completed two RFC forms regarding Plaintiff's mental and physical limitations. The Mental RFC form addressed limitations in twenty separate categories encompassing: (1) understanding and memory, (2) sustained concentration and persistence, (3) social interaction, and (4) adaption. (PageID.545–547.) In each category, Dr. Wilkinson checked boxes corresponding to his opinion of the severity of Plaintiff's limitation. Dr. Wilkinson indicated that Plaintiff's abilities were "slight" in six categories, "moderate" in nine categories, and "marked" in five. (PageID.545–547.) Similarly, the Physical RFC form consisted of check box, circle, and fill in the blank type questions. Dr. Wilkinson indicated that Plaintiff's symptoms were of a severity such that they would frequently interfere with the attention and concentration necessary to perform simple work-related tasks. (PageID.548.) Plaintiff suffered from side effects of dizziness, drowsiness, and nausea. (PageID.548.) Plaintiff would not need to recline or lie down in excess of the time allotted by normal work breaks, but Dr. Wilkinson found that Plaintiff could only walk three to four city blocks on a good day. She could only sit, stand, or walk each for a total of thirty minutes at one time, and in an eight hour workday, Plaintiff could only sit for a total of six hours and stand or walk for a total of two hours. (PageID.548.) Plaintiff would need to shift positions at will, and take two to three unscheduled breaks throughout the week lasting fifteen to twenty minutes each. (PageID.548.) Plaintiff could only occasionally lift and carry ten

pounds. (PageID.549.) The ALJ gave no weight to both opinions. (PageID.65–66.) Plaintiff claims the ALJ erred in doing so.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating

physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

The forms that Dr. Wilkinson completed, however, do not constitute a "medical opinion" to which deference must be accorded. *See* 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2) (a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). This is so because the RFC forms were unaccompanied by any meaningful explanation for the severity of the limitations Dr. Wilkinson provided. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (characterizing a similar form as "weak evidence at best"); *Ashley v. Comm'r of Soc. Sec.*, No. 1:12-cv-1287, 2014 WL 1052357 at *7–8 (W.D. Mich. Mar. 19, 2014) (where "check-box forms" are unaccompanied by explanation, treatment notes, or other evidence, ALJ properly rejected such). Furthermore, as the ALJ concluded, the record simply fails to support the conclusion that Plaintiff is impaired to the extent suggested by Dr. Wilkinson. To the contrary, the record supports the opposite conclusion. For example, while Dr. Wilkinson indicated Plaintiff suffered from agoraphobia, the record demonstrates that Plaintiff can go out one or two times a week, and that though she might prefer someone to go with her, she is able to go out alone. (PageID.387.) Similarly, the record in the relevant time period is devoid of complaints regarding side effects. Allegations of a medication's side effects must be supported by

objective medical evidence. *See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665–66 (6th Cir. 2004). Here, notes from March and October of 2013 indicate that Plaintiff was in fact not experiencing side effects from her medication. (PageID.552, 559.) Similarly, the ALJ noted that Dr. Wilkinson's restrictive limitations for the amount of time Plaintiff could stand or walk during the workday was inconsistent with records finding no weakness in her legs, normal gait, and the ability to walk on her heals and toes. (PageID.552, 539, 560.) In sum, the completed RFC forms, unaccompanied by an adequate explanation, were not entitled to significant weight. *Hernandez*, 655 F. App'x at 474. Moreover, the record does not support the severity of the limitations provided by Dr. Wilkinson. Accordingly, Plaintiff's argument is rejected.

## CONCLUSION

For the reasons discussed, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Dated:    September 29, 2016            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE